UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-4216 PA (PVCx) | Date | September 8, 2026 |
| Title | Guangcheng Zhu, et al. v. Alejandro Mayorkas, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

On August 3, 2026, this Court issued an Order to Show Cause requiring plaintiffs Guangcheng Zhu and Zhiwei Zhu (collectively "Plaintiffs") to show cause in writing why their claims against defendants Alejandro Mayorkas, Merrick Garland, and David Roark (collectively "Defendants")[1/] should not be dismissed for lack of prosecution and Plaintiffs' apparent failure to comply with Federal Rule of Civil Procedure 4(m). The Court's August 3, 2026 Order to Show Cause imposed a deadline of August 13, 2026, for Plaintiffs to respond to the Order to Show Cause and warned Plaintiffs that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." Despite the expiration of the deadline for Plaintiffs to do so, Plaintiffs, who are appearing pro se, did not file a response to the Order to Show Cause.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint. Here, Plaintiffs filed this action on April 21, 2026. By the time the Court issued its Order to Show Cause on August 3, 2026, Rule 4(m)'s 90-day period had already expired and Plaintiffs had not filed proofs of service or requested additional time to do so. Even after receiving the Order to Show Cause, Plaintiffs have still not filed proofs of service as to Defendants or otherwise responded to the Order to Show Cause. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

[1/] Pursuant to Federal Rule of Civil Procedure 25(d), the public officer defendants are automatically substituted as parties for those currently holding the offices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-4216 PA (PVCx) | Date | September 8, 2026 |
| Title | Guangcheng Zhu, et al. v. Alejandro Mayorkas, et al. | | |

> plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiffs' failure to respond to the Order to Show Cause does not establish good cause for the delay in timely serving Defendant. Instead, it appears that Plaintiffs have abandoned their efforts to pursue their claims against Defendants in this action. Plaintiffs' claims against Defendants are therefore dismissed under Rule 4(m) without prejudice as a result of Plaintiffs' failure to timely serve Defendants or establish good cause for that failure.

Grounds also exist to dismiss Plaintiffs' claim against Defendants for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing Defendants. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, as discussed above, Plaintiffs have not timely served Defendants. Nor have Plaintiffs adequately explained Plaintiffs' failure to do so. See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

The fourth and fifth Henderson factors also favor Defendants' dismissal. By requiring Plaintiffs to explain why their claims against Defendants should not be dismissed for lack of prosecution, and allowing Plaintiffs to satisfy the Order to Show Cause simply by filing proofs of service, Plaintiffs were on notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of the action. Despite this notice, Plaintiffs have failed to respond to the Order to Show Cause in any way or to otherwise show that they seek to prosecute their claims diligently. Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the un-served Defendants without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors weigh in favor of dismissing Defendants.

Accordingly, pursuant to Rule 4(m) and as a result of Plaintiffs' failure to diligently prosecute, this action is dismissed without prejudice. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.